Frkmont-Smith, J.
After hearing, and upon review of the voluminous affidavits, depositions, transcripts and contract documents submitted by the parties, the Court rules, as a matter of law, that the engineer who was empowered under the contract to make final decisions regarding contract disputes, did not act arbitrarily or capriciously as to any of plaintiffs claims, and that there is substantial evidence in the record before this Court upon which the engineer could and did base his decisions.
Pursuant to M.G.L.c. 30, §39J, the decisions of an engineer so designated are final and conclusive unless such decision was “made in bad faith, fraudulently, capriciously, or arbitrarily, or is unsupported by substantial evidence, or is based upon error of law.” Moreover, the standard of review set forth in §39J, “arbitrary,” “capricious,” and “unsupported by substantial evidence,” are traditionally those governing legal review of an administrative record. See, e.g., G.L.c. 30A, §14(5). Although there is no appellate decision with regard to whether a trial de novo is to be afforded in regard to the legal grounds enumerated for appeal, the language of the statute would seem to indicate that this was not intended, but that the Court should make its own determination, based upon the record presented to the Court, as to whether the engineer’s decisions were arbitrary, capricious, unsupported by substantial evidence, or in violation of law. The Supreme Judicial Court seems to have reached a similar result in Benjamin Foster Co. v. Commonwealth, 318 Mass. 190, 208 (1945), prior to the enactment of c. 30, §39J. The Court in Benjamin Foster characterized the engineers’ role in the contractual scheme as “quasi arbitrators by whose judgment the parties agree in advance to be bound.” Id. at 209. Despite findings below that the engineers’ decisions in the case were unreasonable and unnecessary, id., 208, the court enforced them because they satisfied the standard of limited review, explaining that:
*59 [t]heir decisions are not to be controlled by any extrinsic standard of reasonableness or necessity. That would merely substitute the judgment of the court or jury for that of the engineers ... For a court to substitute its own lay opinion on such matters, however well it may think itself informed through evidence, for the opinions of the engineers in the field to whom the parties have entrusted such decisions would be directly contrary to the terms of the contract and in the long run likely to produce unsound results.
Id. at 209. Here, the Court has reviewed carefully the submissions of the parties, including the affidavits, depositions, and contract documents, and concludes, as a matter of law, that the findings were not made in bad faith, fraudulently, capriciously, or arbitrarily, and were not unsupported by substantial evidence or based upon error of law. The Court further finds that even if a trial de novo were appropriate in these circumstances, no issue of material fact is raised by the plaintiffs largely conclusionary sworn allegations as to the engineer’s decisions having been made in bad faith, fraudulently, capriciously, or arbitrarily, or unsupported by substantial evidence based upon error of law in light of the engineer’s explanations contained in his deposition and affidavit.
ORDER
Accordingly, defendant’s motion for summary judgment is allowed and final judgment is to be entered for the defendant.